0800

IN THE ~~COUNTY~~ COURT OF THE
NINTH JUDICIAL CIRCUIT IN AND
FOR ~~ORANGE~~ COUNTY, FLORIDA

~~EDUARDO~~ ROMAN-SOTO, as Parent and
Natural Guardian of ~~MELANIE~~ ROMAN,
A Minor, and ~~EDUARDO~~ ROMAN-SOTO,
Jointly and Individually,

    Plaintiffs,

v.

~~JUSTO L.~~ GARCIA and ~~GRACO~~ CHILDREN'S
PRODUCTS, INC., a Foreign Corporation, as
successor in interest to Century Products, Inc.

    Defendants.
_____/

CASE NO.: 08-CA-005334
\#33

## COMPLAINT

COMES NOW, the Plaintiffs MELANIE ROMAN, a minor who sues through her father and natural guardian EDUARDO ROMAN-SOTO, and EDUARDO ROMAN-SOTO, individually, by and through the undersigned attorneys, and hereby file their Complaint and allege as follows:

### GENERAL AVERMENTS

1. This action is to recover damages for personal injuries sustained by MELANIE ROMAN in an automobile accident that occurred on September 6, 2005.

2. Plaintiffs, MELANIE ROMAN, a minor who sues through her father and natural guardian EDUARDO ROMAN-SOTO, and her father, EDUARDO ROMAN-SOTO, individually, are residents of Orlando, Orange County, Florida.

3. At all times material hereto, Defendant, JUSTO L. GARCIA (hereafter, "GARCIA") was a resident of Orlando, Orange County, Florida.


EXHIBIT A

4. On September 6, 2005, Plaintiffs owned a Century "Smart Move XT" child seat with Identification Number PL-0059-2 (hereafter "CHILD SEAT").

5. Upon information and belief, CHILD SEAT was designed, tested, manufactured, marketed, distributed and sold by Century Products, Co. (hereafter, "CENTURY") who was a foreign corporation believed to have been located or headquartered in Macedonia, Ohio and did substantial business in Florida.

6. On June 16, 1998, Defendant **Graco Children's Products** (hereafter "GRACO"), acquired CENTURY by purchasing the assets and assuming the attendant liabilities of the juvenile products business of CENTURY.

7. GRACO is CENTURY'S successor in interest under Florida law because GRACO expressly assumed the obligations of Century and is headquartered in Exton, PA and has/is doing substantial business in Florida.

8. Defendant Century is successor in interest GRACO will hereafter collectively be referred to as the "GRACO DEFENDANTS".

9. On September 6, 2005, Defendant GARCIA was driving westbound on East Colonial Drive (S.R. 50) when he crossed into eastbound traffic and hit the vehicle driven by EDUARDO ROMAN-SOTO. ROMAN-SOTO's 1 year old daughter, MELANIE ROMAN, was in CHILD SEAT which was properly strapped into the middle of the back seat of his vehicle.

10. This CHILD SEAT had its own seat-belt system which included a sliding clip to attach the right and left shoulder belts to each other. The design of CHILD SEAT was such that this clip would foreseeably slide down in a frontal collision, so that the shoulder straps would predictably fall from the shoulders and otherwise fail to restrain in an accident with more than one collision. In addition, the CHILD SEAT had two sets of routing slots on the seat

for routing the seat-belt system from beneath the seat. The design of CHILD SEAT allowed the innermost routing slots to create slack in the belt system during accidents.

11. ROMAN-SOTO's vehicle was turned sideways during the impact with GARCIA and another vehicle struck ROMAN-SOTO's vehicle in the left side. During this second collision, CHILD SEAT failed to restrain MELANIE ROMAN and proximately caused or contributed to cause her to suffer severe personal injuries including permanent paralysis.

12. MELANIE ROMAN has incurred and will incur past and future expenses for medical care and treatment; past and future paralysis and disability; future lost income and employability; past and future pain, emotional trauma, mental suffering and loss of enjoyment of life.

13. EDUARDO ROMAN-SOTO has suffered damages including but not limited to incurring past and future medical expense for the treatment of his minor daughter, MELANIE ROMAN; and the loss of services and companionship from his daughter, both past and future.

## COUNT I
### (Negligence Claim against Garcia)

14. Plaintiffs reaffirm and re-allege each and every allegation in paragraphs 1-13.

15. Defendant GARCIA was ~~driving in a negligent manner and caused the wreck~~ which is the basis of this lawsuit.

16. GARCIA's negligent actions were a proximate cause of injuries and damages to Plaintiffs, which will be specified at or before trial of this matter.

17. As a direct and proximate result of GARCIA's negligence, MELANIE ROMAN suffered severe and permanent physical injuries and has incurred tremendous expenses for medical care and treatment and will continue to incur such expense in the future; she suffers form

permanent disability and will continue to suffer from partial to total disability in the future and loss of future employability; she has suffered grievous pain, trauma, mental suffering and loss of enjoyment of life, both past and future.

18. As a direct and proximate result of GARCIA's negligence, alone or in combination with the wrongdoing of the GRACO DEFENDANTS hereafter described, Plaintiff, EDUARDO ROMAN-SOTO has suffered damages including but not limited to incurring past and future medical expense for the treatment of his daughter.

WHEREFORE Plaintiffs demand of GARCIA such damages as the jury shall assess after full and fair hearing of this cause, which shall exceed the jurisdictional requirements of this Court, plus interest and all cost of Court.

### Count II
### (Negligence Claim against GRACO DEFENDANTS)

19. Plaintiffs reaffirm and re-allege each and every allegation in Paragraphs 1-13.

20. GRACO DEFENDANTS had a duty to design, test, manufacture and market CHILD SEAT so that it was reasonably safe for its foreseeable uses, including being in automobile accidents in which there was more than one impact.

21. GRACO DEFENDANTS had a duty to test CHILD SEAT to provide reasonable crash protection in foreseeable collisions, including side collisions which followed frontal collisions.

22. GRACO DEFENDANTS had a duty to reasonably test the restraint system designed into the Seat CHILD SEAT to assure that it was reasonably safe for transporting small children under reasonably foreseeable uses, and to assure that it provide reasonable crashworthiness.

23. **GRACO DEFENDANTS** negligently designed, tested, failed to test, manufactured, marketed, distributed, and sold **CHILD SEAT** and its components in that it failed to exercise reasonable care to prevent **CHILD SEAT** and its components from creating an unreasonable risk of harm to a person who might reasonably be expected to use it in an expected or reasonably foreseeable manner.

24. **GRACO DEFENDANTS** breached their duty to design and/or test and/or manufacture and/or market **CHILD SEAT** to provide reasonable protection to children in foreseeable collisions.

25. Plaintiff's injuries and damages, as alleged herein, were and are the direct and proximate result of the negligence of **GRACO DEFENDANTS**, alone or in combination with

WHEREFORE, Plaintiffs demand **GRACO DEFENDANTS** such damages as the jury shall assess after full and fair hearing of this cause, which shall exceed the jurisdictional requirements of this Court, plus interest and all cost of Court.

### COUNT III
### (Strict Liability Crashworthiness Claim against GRACO DEFENDANTS)

26. Plaintiffs reaffirm and re-allege each and every allegation in paragraphs 1-13.

27. At all times material to this action, **GRACO DEFENDANTS** or their predecessor company was/were in the business of designing, testing, approving, engineering, manufacturing, marketing, distributing, preparing and selling products, including for use in Florida and elsewhere throughout the United States.

28. At the time left the control of **GRACO DEFENDANTS**, it was defective and unreasonably dangerous to a person who might reasonably be expected to use it in one or more of the following respects, to wit:

(a) CHILD SEAT was not safe for its intended uses and its reasonably foreseeable uses;

(b) CHILD SEAT failed to provide reasonable crash protection.

29. CHILD SEAT was expected by GRACO DEFENDANTS to reach, and did reach, the user or consumer without substantial change to the condition in which it was sold.

30. MELANIE ROMAN and her parents were persons who reasonably would be expected to use CHILD SEAT.

31. GRACO DEFENDANTS are strictly liable to Plaintiffs for injuries and damages caused by the defects and inadequacies in the design and manufacture of the CHILD SEAT.

32. As a direct and proximate result of the aforementioned defects, MELANIE ROMAN suffered the severe and permanent physical injuries previously described which have been incorporated by reference.

33. As a direct and proximate result of the aforementioned defects, Plaintiff, EDUARDO ROMAN-SOTO has suffered damages including but not limited to incurring past and future medical expense for the treatment of his daughter.

WHEREFORE Plaintiffs demand of GRACO DEFENDANTS such damages as the jury shall assess after full and fair hearing of this cause, which shall exceed the jurisdictional requirements of this Court, plus interest and all cost of Court.

**PLAINTIFFS DEMAND TRIAL BY STRUCK JURY**

Dated this 7 of March, 2008

BRYAN W. CREWS AND ASSOCIATES, P.A.
1137 Edgewater Drive
Orlando, FL 32804
407/841-0200
Attorneys for Plaintiff

BRYAN W. CREWS, ESQUIRE
Florida Bar No.: 374938

R. BEN HOGAN, ESQ.
HOGAN AND GLOVER, P.C.
2017 Morris Avenue, Suite 300
Birmingham, AL 35203-4138
204/327-5235
Alabama Bar No.: ASB-6951-N69-R